UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICHARD A. CASE, | ) | CASE NO. C05-2073-JCC-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER RE: REQUEST FOR |
| | ) | DISCOVERY AND TO EXTEND |
| TERI HANSEN, et al., | ) | DEADLINE |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Court construes plaintiff's objections to the Court's February 5, 2007 Minute Order as a motion for reconsideration and as a request for an additional extension of time to respond to defendants' pending motion for summary judgment. (*See* Dkt. 42.) Before addressing the merits of those requests, the Court finds that a recitation of the history of this case would be helpful.

Plaintiff lodged his complaint on December 14, 2005, while being held as a pretrial detainee at the King County Department of Adult and Juvenile Detention, Regional Justice Center (RJC) in Kent, Washington. (Dkt. 1.) All three defendants named in plaintiff's complaint are current or former employees of the RJC. On July 7, 2006, plaintiff was convicted and sentenced for the crime of Murder in the Second Degree in King County Superior Court. (*See* Dkt. 33.)

01         The Court set a May 30, 2006 deadline for completion of discovery and a July 3, 2006

02 deadline for the filing of dispositive motions. (Dkt. 16.) Following a request from defendants, the

03 Court extended the dispositive motion deadline by four weeks, to July 31, 2006. (Dkts. 19 & 21.)

04 Defendants timely filed a motion for summary judgment on that date, setting a noting date for

05 consideration of their motion on August 25, 2006. (Dkt. 22.)

06         On August 28, 2006, the Court received a letter from plaintiff in which he indicated he had

07 received defendants' summary judgment motion on August 1, 2006, but was subsequently

08 transferred to the Washington Corrections Center in Shelton, Washington on August 8, 2006.

09 (Dkt. 25.)  He averred that he was only allowed to keep one box of his legal materials in his cell

10 and had since been denied regular access to the remaining eight boxes.  The Court thereafter

11 granted plaintiff's request for an extension and renoted defendants' summary judgment motion for

12 consideration on September 29, 2006. (Dkt. 28.)

13         With a letter dated September 21, 2006, plaintiff informed the Court that he had again been

14 transferred, to the Washington State Penitentiary in Walla Walla, Washington, and remained

15 without access to his legal materials. (Dkt. 29.)  The Court granted plaintiff's request for a second

16 extension.  (Dkt. 32.)  However, the Court found itself unable to renote defendants' summary

17 judgment motion until it received further information regarding plaintiff's access to his legal

18 materials and directed defendants to address this issue.  In response, defendants indicated they had

19 no control over petitioner once he left their custody and that they had no objection to an extension

20 of the deadline for consideration of their dispositive motion.  (Dkt. 33.)  The Court subsequently

21 renoted defendants' summary judgment motion for consideration on January 12, 2007. (Dkt. 34.)

22         In a letter dated January 2, 2007, plaintiff submitted another request for an extension.

01 (Dkt. 36.) He requested an extension to February 9, 2007, and indicated he was then still

02 restricted to keeping one out of his now ten boxes total of legal materials in his cell. He assured

03 the Court he would submit a response by no later than February 5, 2007. The Court granted this

04 third request for an extension, renoting defendants' summary judgment motion for consideration

05 on February 9, 2007, but indicating that no further extensions would be granted. (Dkt. 38.)

06     With a letter dated January 27, 2007, plaintiff requested another extension. (Dkt. 39.) He

07 sought a continuance under Federal Rule of Civil Procedure 56(f), seeking to conduct additional

08 discovery and to obtain other evidence. He indicated his access to his documents was improving

09 and sought forty-five days to conduct discovery and to respond to defendants' motion. The

10 Court, upon realizing plaintiff drafted this request prior to receiving the last Order granting an

11 extension and upon concluding that a response to the summary judgment motion would be helpful,

12 granted plaintiff an additional fourteen days to respond to the motion and set a final noting date

13 of February 23, 2007. (Dkt. 40.) The Court did not address plaintiff's request for a Rule 56(f)

14 continuance.

15     By letter dated February 7, 2007, plaintiff informed the Court that he had been moved for

16 a third time, on February 6, 2007, to the Airway Heights Corrections Center in Airway Heights,

17 Washington. (Dkt. 41.) Shortly thereafter, plaintiff filed the motion currently under consideration,

18 requesting review of the Court's decision to grant a fourth extension, but failing to address his

19 request for Rule 56(f) discovery. (Dkt. 42.) He indicates in his motion that, as of February 20,

20 2007, he has only one box of legal materials in his possession, but no documents pertaining to this

21 case.

22     Now, taking the above history and plaintiff's current motion into consideration, the Court

finds and concludes as follows:

(1) The Court construes plaintiff's motion as a request for reconsideration on the issue of a Rule 56(f) continuance. Because the Court did not specifically address this issue in its Order granting plaintiff a fourth extension, it does so now.

Rule 56(f) permits a party to request a continuance to conduct further discovery in order to obtain evidence to oppose a summary judgment motion. The rule provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). Summary dismissal is generally disfavored "where relevant evidence remains to be discovered." *Klingele v. Eikenberry*, 849 F.3d 409, 412 (9th Cir. 1988). However, a party opposing a summary judgment motion must "show that additional discovery would uncover specific facts which would preclude summary judgment." *Maljack Prods., Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996). Also, a Rule 56(f) request may be denied if the party requesting a continuance did not seek discovery diligently. *See, e.g., Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523-24 (9th Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment."; upholding refusal of Rule 56(f) request where movant had been granted an additional month to conduct discovery)

In this case, while plaintiff points to facts he asserts would preclude summary judgment in an affidavit in support of his motion (*see* Dkt. 39, Attach. 1), there is no indication he diligently pursued discovery in this case. In fact, plaintiff concedes in his motion that he failed to pursue discovery prior to the expiration of the discovery deadline and the filing of defendants' summary

01 judgment motion. (*See* Dkt. 42 at 1.) Given that the May 31, 2006 deadline for completing

02 discovery expired more than two months prior to plaintiff's transfer from the RJC, he cannot rely

03 on any of the delays caused by his transfers to support an assertion of diligence. Moreover, the

04 Court notes that, despite having requested and received three prior extensions of the deadline to

05 respond to defendants' summary judgment motion, plaintiff waited until his fourth request – some

06 eight months after the discovery deadline had expired – to request a continuance for discovery.

07 Because it cannot be said that plaintiff diligently pursued discovery in this matter, his request for

08 a Rule 56(f) continuance is DENIED.

09   (2) As reflected above, plaintiff indicates in his motion that, as of February 20, 2007,

10 he lacked access to any of his legal materials pertinent to this case. The Court, therefore, also

11 construes this motion as a request for an additional extension.

12   While mindful of the difficulties associated with plaintiff's transfers to and within the

13 Washington State Department of Corrections, the Court notes the four previous extensions

14 granted by this Court in order to accommodate any such difficulties. It is apparent that, within

15 that extended time period, plaintiff has had time to prepare a response to defendants' motion.

16 (*See*, *e.g.*, Dkt. 36 (January 2, 2007 letter, following a three and a half month extension, in which

17 plaintiff assured the Court he would submit a response by February 5, 2007) and Dkt. 39, Attach.

18 1 (affidavit in support of Rule 56(f) motion providing relatively detailed responses to arguments

19 raised in defendants' summary judgment motion.)) The Court also notes both the public's interest

20 in expeditious resolution of litigation and this Court's inherent power to control its docket. *See*

21 *generally Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) ("District courts

22 have the inherent power to control their dockets and in the exercise of that power they may

01 impose sanctions including, where appropriate, dismissal of a case.") However, given plaintiff's
02 latest transfer and in the continuing interest of obtaining a response to defendants' motion, the
03 Court GRANTS plaintiff a fifth and final extension of the deadline to respond. Moreover, as
04 described below, the Court will forward plaintiff copies of the relevant documents filed in this
05 Court in order to ensure he has the basic documents necessary to allow for a response.

06        (3)   Defendants' motion for summary judgment and dismissal (Dkt. 22) is hereby
07 renoted for consideration on **March 30, 2007**, with plaintiff's response due no later than **March**
08 **26, 2007** and defendants' reply due no later than **March 30, 2007**. **These deadlines will not be**
09 **extended**.

10        (4)   The Clerk is directed to send copies of this Order to plaintiff, to counsel for
11 defendants, and to the Honorable John C. Coughenour. **The Clerk is further directed to**
12 **forward to plaintiff a copy of his complaint with all attached documents (Dkt. 6), a copy of**
13 **defendants' motion for summary judgment and dismissal with all associated declarations**
14 **and attachments (Dkts. 22-24), and plaintiff's affidavit in support of his motion for a Rule**
15 **56(f) continuance (Dkt. 39, Attach. 1)**.

16        DATED this 28th day of February, 2007.

17
18                                    _____
                                      Mary Alice Theiler
19                                    United States Magistrate Judge

20
21
22

ORDER RE: REQUEST FOR DISCOVERY
AND TO EXTEND DEADLINE
PAGE -6